UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRACY D. MARTIN,
    Plaintiff,

vs

GOVERNOR MIKE DEWINE, et al.,
    Defendants.

Case No. 1:20-cv-481

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI), in Lebanon, Ohio, has filed a pro se civil rights action against Governor Mike DeWine, Ohio Department of Rehabilitation and Correction Director Annette Chambers Smith, and LeCI Warden Chae Harris, alleging claims under state and federal law. (*See* Doc. 1-2). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act (PLRA) of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In his complaint, plaintiff alleges that defendants have failed to take adequate steps to protect Ohio prisoners from the spread of COVID-19. (*See* Doc. 1-2, at PageID 10-15). Plaintiff asserts that as a result of these failures,

> sinks and showers [at LeCI] are cleaned three (3) times a day, while being used by nearly 200 prisoners with no cleaning between uses. Prisoners are given mask [sic] that don't protect you from getting COVID-19, but supposedly prevent you from spreading it. Prisoners wear masks outside the cubicle, except when they are shoulder to shoulder eating chow. The two (2) man cubicles are approximately 8'x 8', but there is only a 2 ½ foot walking area. As for social distancing in the cubicles (which have bunk beds) one prisoner must sleep at the end of the bed where the prisoner has his feet.

(Doc. 1-2, at PageID 13). Plaintiff seeks monetary relief. (Doc. 1-2, at PageID 16).

Before considering plaintiff's claims, the undersigned notes that, in addition to plaintiff, inmates Clifton B. Pierson and Demetris Clark have signed plaintiff's complaint. (*See* Doc. 1-2, at PageID 15). Neither Mr. Pierson nor Mr. Clark have paid the filing fee nor moved to proceed *in forma pauperis* in this case. If Mr. Pierson or Mr. Clark seek to proceed as plaintiffs in this action, within **thirty (30) days** of the date of the filing of this Order and Report and Recommendation, they must pay $400 ($350 filing fee plus $50 administrative fee) or must each

3

submit to the Court an *in forma pauperis* application and certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period.

Turning now to plaintiff's complaint, the undersigned recommends that plaintiff's complaint be dismissed without prejudice because it is apparent from the face of the complaint that plaintiff commenced the action prematurely without first exhausting the prison's administrative remedies.

Exhaustion of administrative remedies "is mandatory under the [PLRA] and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To properly exhaust a claim, a prisoner must take advantage "of each step the prison holds out for resolving the claim internally" and follow the "'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines . . . ."

4

*Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006)).

The Ohio Administrative Code sets forth a grievance procedure for inmates housed in Ohio prisons to address inmate complaints "related to any aspect of institutional life," including "complaints regarding the application of policies, procedures, conditions of confinement, or the actions of institutional staff." Ohio Admin. Code 5120-9-31(A).

The grievance procedure involves a three-step process. First, the inmate is required to file an informal complaint with the direct supervisor of the staff member or department most directly responsible for the subject matter of the complaint within 14 days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(J)(1).[1] Second, if the inmate is dissatisfied with the response to his informal complaint, he may file a formal grievance with the inspector of institutional services at his institution of confinement. Ohio Admin. Code § 5120-9-31(J)(2). The inspector of institutional services is required to provide a written response to the inmate's grievance within 14 calendar days of receipt of the grievance. *Id.* If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal to the office of chief inspector of the ODRC within 14 days of the disposition of the formal grievance. Ohio Admin. Code § 5120-9-31(J)(3). A second set of procedures applies to claims against a warden. *See* Ohio Admin. Code. § 5120-9-31(L).

---

[1] The current grievance procedure is located at Ohio Admin. Code § 5120-9-31(J), and includes minor changes to the text originally found at Ohio Admin. Code § 5120-9-31(K).

While the exhaustion requirement is an affirmative defense, "[a] complaint is subject to dismissal for failure to state claim if the allegations, taken as true, . . . show that relief is barred by an affirmative defense." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (quoting *Jones*, 549 U.S. at 215).

Here, plaintiff acknowledges in his complaint that LeCI has a grievance procedure, but that he did not use it prior to filing this lawsuit. (Doc. 1-2, at PageID 8). Plaintiff's claims involve the application of policies and the conditions of confinement at LeCI. (*See* Doc. 1-2, at PageID 13). These are the types of matters that fall within Ohio's prison grievance procedure. *See* Ohio Admin. Code 5120-9-31(A). Further, this Court has recently found that prisoners raising claims concerning COVID-19 are not automatically excused from the PLRA's exhaustion requirement. *See Ball v. Ohio*, No. 2:20-cv-1759, 2020 WL 1956836, at *4 (S.D. Ohio Apr. 23, 2020) (citing *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special] circumstances into account.")), *adopted*, No. 2:20-cv-1759, 2020 WL 2468742 (S.D. Ohio May 13, 2020). The undersigned is not persuaded by plaintiff's single, conclusory assertion that "[t]he subject matter [of the complaint] is way beyond the jurisdiction of a grievance committee." (Doc. 1-2, at PageID 8). *See Ball*, 2020 WL 1956836, at *4 (plaintiff's statement that he did not exhaust his claims because he was told that prison staff were "doing what [was] told to them by Ohio Department of Health" was insufficient to avoid dismissal at the screening stage); *cf. Valentine v. Collier*, 140 S. Ct. 1598, 1601 (2020) (Statement of Sotomayor, J) (finding it difficult to tell whether a prison's grievance procedure was "unavailable" where the "applicants did not attempt to avail themselves of the grievance process before filing suit.").

Accordingly, in sum, the undersigned concludes that because the affirmative exhaustion defense appears on the face of the complaint and suffices to establish the existence of the defense, *see Jones,* 549 U.S. at 215, plaintiff's federal claims are subject to *sua sponte* dismissal without prejudice for failure to state a claim upon which relief may be granted at this time.[2] In light of this finding, the Court should also decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any state-law claims against the defendants and dismiss any such claims without prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 1367(c)(3).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

If either Mr. Pierson or Mr. Clark wish to proceed as plaintiffs in this action, within **thirty (30) days** of the date of filing of this Order, they must pay $400 ($350 filing fee plus $50 administrative fee) or must each submit to the Court an *in forma pauperis* application and

---

[2] Since the dismissal in this matter is without prejudice, plaintiff is free to re-file his complaint after he has completed the exhaustion process. Plaintiff is reminded that should he choose to re-file, he is excused from paying the filing fee so long as the complaint raises the same allegations as contained in this action. *See Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006).

certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period.

Date: 6/29/2020

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TRACY D. MARTIN,<br>    Plaintiff, | Case No. 1:20-cv-481 |
| vs | Barrett, J.<br>Litkovitz, M.J. |
| GOVERNOR MIKE DEWINE, et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).