**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Tracy D. Martin, *et al*.,

      Plaintiffs,

           v.                             Case No.  1:20cv481

Governor Mike DeWine, *et al*.,             Judge Michael R. Barrett

      Defendants.

## ORDER

This matter is before the Court upon the Magistrate Judge's June 29, 2020 Order and Report and Recommendation.  (Doc. 4).  On July 15, 2020, this Court adopted the Magistrate Judge's R&R and entered judgment.  (Docs. 5, 6).  However, on July 20, 2020, Plaintiffs filed an Objection to Proposed Finding and Recommendation, and Request for Extension of Time to Comply to Order.  (Docs. 9, 10).  The Court granted the requested relief.  (Doc. 11).  The Court now addresses Plaintiffs' Objection.

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."  *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).  When objections to a magistrate judge's

report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Plaintiffs are inmates at the Lebanon Correctional Institution. Plaintiffs claim Defendants have failed to take adequate steps to protect Ohio prisoners from the spread of COVID-19. On June 29, 2020, the Magistrate Judge ordered Plaintiffs Pierson and Clark to either pay the required filing fee or move to proceed *in forma pauperis* in this case. (Doc. 4). The Magistrate Judge also recommended dismissing Plaintiffs' claims because Plaintiffs fail to state a claim because they have not exhausted their administrative remedies. (Doc. 4).

Plaintiffs Pierson and Clark have filed certified copies of their prison trust fund account statements (Docs. 7, 8), but they have not filed *in forma pauperis* applications. However, even if all three Plaintiffs were permitted to proceed *in forma pauperis*, the Court finds no error in the Magistrate Judge's recommendation that Plaintiffs' claims be dismissed for failing to exhaust their administrative remedies.

The Magistrate Judge conducted a *sua sponte* review of Plaintiffs' complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge concluded that Plaintiffs failed to follow the three-step grievance procedure for inmates housed in Ohio prisons to address inmate

complaints "related to any aspect of institutional life," including "complaints regarding the application of policies, procedures, conditions of confinement, or the actions of institutional staff."  (Doc. 4, PAGEID 36-37) (citing Ohio Admin. Code 5120-9-31(A)). Therefore, the Magistrate Judge recommended that Plaintiffs' federal claims be dismissed without prejudice for failure to state a claim upon which relief may be granted; and this Court also decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any state-law claims against Defendants.

In their Objection, Plaintiffs argue that because the harm they claim arises from Governor Mike DeWine's executive order No. 2020-O1D,[1] the grievance procedure has no authority over the Governor; and following the procedure would be a waste of time. (Doc. 9).  Plaintiffs also cite to paragraph two of Ohio Administrative Code §5120-9-31, and argue that because the executive order falls within the jurisdiction of the Governor's Office, the grievance process does not need to be followed. (Doc. 10).

As the Magistrate Judge explained, under the Prison Litigation Reform Act, a prisoner is required to exhaust all "available" administrative remedies before filing a civil claim.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  However, as this Court has recently recognized:

> In light of the COVID-19 pandemic, federal courts are split on the issue of whether administrative remedies are currently available to prisoners. Some courts have considered the irreparable harm and time-sensitive nature prisoners face in light of the virus and find grievance procedures unavailable and thus, exhaustion not required.

*Smith v. DeWine*, 476 F. Supp. 3d 635, 656 (S.D. Ohio 2020).  Subsequent to the

---

[1] On March 9, 2020, the Governor issued Executive Order 2020-01D which declared a state of emergency to protect the well-being of Ohioans from the effects of the emerging COVID-19 disease.

Magistrate Judge's R&R, the Supreme Court held that "inmates are not required to specifically plead or demonstrate exhaustion in their complaints" because it is an affirmative defense.  *Id*. at 656 (quoting Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)).  Instead, it is Defendants' burden to show that Plaintiffs failed to exhaust.  *See id.* (citing *Jones*, 549 U.S. at 218, 127 S.Ct. 910).

This Court may nevertheless consider an unexhausted claim on the merits where unusual or exceptional circumstances exist.  S*mith v. Warden, Belmont Corr. Inst.*, No. 2:20-CV-5830, 2021 WL 2334472, at *2 (S.D. Ohio June 8, 2021), report and recommendation adopted, No. 2:20-CV-5830, 2021 WL 2688602 (S.D. Ohio June 30, 2021).  The current pandemic is considered to be exceptional circumstances.  *Id*.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer*, 511 U.S. at 828.  "A deliberate-indifference claim under the Eighth Amendment includes both an objective and a subjective prong: (1) the inmate 'is incarcerated under conditions posing a substantial risk of serious harm' (the objective prong) and (2) 'the official knows of and disregards an excessive risk to inmate health or safety' (the subjective prong)."  *Hill v. Whitmer*, No. 20-1835, 2021 WL 3877920, at *2 (6th Cir. Apr. 14, 2021) (quoting *Farmer*, 511 U.S. at 834, 837).

The Sixth Circuit has held that the risk of contracting COVID-19 easily meets the objective prong of the deliberate-indifference standard.  *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020).  With regard to the subjective prong, the Sixth Circuit has explained

4

that prison officials who knew of "a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 840 (citing *Farmer*, 511 at 844).

Plaintiffs claim that Governor DeWine turned over responsibility for the risks associated with COVID-19 to Defendant Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction (the "Director"). Plaintiffs allege that the sinks and showers at Lebanon Correctional Camp are only cleaned three times per day even though 200 prisoners use them; prisoners are given masks that do not protect them from contracting COVID; and while prisoners must wear masks when they are outside the cubicles, the 2-man cubicles do not allow for social distancing. (Doc. 3, PAGEID 29).

This Court has previously held that general conclusory allegations that the prison system is ill-equipped for social distancing or protecting inmates is insufficient to state a claim. *McCrary v. DeWine*, No. 1:20-CV-388, 2021 WL 320737, at *4 (S.D. Ohio Feb. 1, 2021), report and recommendation adopted, No. 1:20CV388, 2021 WL 1087465 (S.D. Ohio Mar. 22, 2021). In addition, deliberate indifference requires a "state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Plaintiffs have identified a number of protective measures taken to protect against the spread of the virus; and the CDC's own guidance "presupposes that some modification of its social-distancing recommendations will be necessary in institutional settings." *Blackburn v. Noble*, No. 3:20-CV-00046-GFVT, 2020 WL 4758358 (E.D. Ky. Aug. 17, 2020) (quoting S*wain v. Junior*, 958 F.3d 1081, 1089 (11th Cir. 2020)). Accordingly, this Court has previously concluded in a case brought on behalf of all prisoners housed in an ODRC prison during the COVID-19 pandemic that there was no evidence that the Director "subjectively

believed her actions were inadequate or that she indicated a total [un]concern for the inmates' welfare." *Smith v. DeWine*, 476 F. Supp. 3d 635, 663 (S.D. Ohio 2020). Moreover, evidence submitted in similar cases shows that as of May 11, 2021, over 95% of Ohio's prison population has been offered the COVID-19 vaccine. *Lichtenwalter v. Warden, Belmont Corr. Inst.*, No. 2:20-CV-1559, 2021 WL 2677791, at *2 (S.D. Ohio June 30, 2021). Therefore, the Court concludes that Plaintiffs have not stated a claim that Defendants exhibited deliberate indifference to Plaintiffs' exposure to COVID-19.

Furthermore, this Court has previously held that a claim based on the COVID-19 pandemic policies or restrictions put in place by Defendant DeWine through his general supervisory powers as governor are insufficient to state a claim against Defendant DeWine. *Jones v. DeWine*, No. 2:20-CV-3301, 2021 WL 1056779, at *5 (S.D. Ohio Mar. 19, 2021), report and recommendation adopted, No. 20CV-3301, 2021 WL 3404227 (S.D. Ohio Aug. 4, 2021) (quoting *Smith v. DeWine*, 476 F. Supp. 3d 635, 654 (S.D. Ohio 2020) (dismissing claims against Defendant DeWine where "Plaintiffs have failed to plead the Governor's responsibility for the direct enforcement over the ODRC's policies beyond his general executive authority.")).

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's June 29, 2020 Order and Report and Recommendation. (Doc. 4). Accordingly, it is hereby **ORDERED** that:

1. Plaintiffs' Complaint (Doc. 3) is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and 1367(c)(3);

2. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court; and

3. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal of this Order would not be taken in good faith and therefore denies Plaintiffs leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d

601 (6th Cir. 1997).

**IT IS SO ORDERED.**

_____/s/ Michael R. Barrett_____
Michael R. Barrett
United States District Judge